UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOSES J. DURON,

          Plaintiff,

   v.

DR. GEORGE BEATTY, et al.,

          Defendants.

Case No.  15-cv-03015-YGR (PR)

**ORDER OF SERVICE**

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He alleges a claim of deliberate indifference to medical needs against SQSP employees stemming from inadequate treatment for his left knee pain.  Dkt. 1 at 3.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff has named the following Defendants: SQSP Physician George Beatty, M.D.; SQSP Registered Nurse Bill Honey; and SQSP Chief Medical Officer E. Tootell. Plaintiff seeks injunctive relief and monetary damages.

## DISCUSSION

### I.   STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

United States District Court
Northern District of California

1     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements,

2 namely that:  (1) a right secured by the Constitution or laws of the United States was violated, and

3 (2) the alleged violation was committed by a person acting under the color of state law.  *West v.*

4 *Atkins*, 487 U.S. 42, 48 (1988).

5   **II.**    **LEGAL CLAIM**

6     Deliberate indifference to serious medical needs violates the Eighth Amendment's

7 proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104

8 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,

9 *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v.*

10 *Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves

11 an examination of two elements: the seriousness of the prisoner's medical need and the nature of

12 the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical

13 need exists if the failure to treat a prisoner's condition could result in further significant injury or

14 the "unnecessary and wanton infliction of pain."  *Id.* (citing Estelle v. Gamble, 429 U.S. at 104).

15 A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial

16 risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*

17 *v. Brennan*, 511 U.S. 825, 837 (1994).

18     Plaintiff's allegation that since February 5, 2015, he has suffered "great pain" to his left

19 knee (which initially required an M.R.I. and for which a knee replacement is now recommended

20 due to a "torn meniscus") supports an inference that he has serious medical needs.  Dkts. 1 at 3, 6

21 at 1.  Liberally construed, Plaintiff's allegations that SQSP prison medical staff failed to provide

22 adequate medical treatment for his left knee pain—by specifically denying his requests: for an ice

23 pack and a walking cane from Defendant Beatty; to be examined by Defendant Honey; and to

24 speak with Defendant Tootell—state a cognizable deliberate indifference claim against Defendants

25 Beatty, Honey and Tootell.  Accordingly, this claim may proceed against these Defendants.

26     **CONCLUSION**

27     For the foregoing reasons, the Court orders as follows:

28     1.    Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to

1 Plaintiff's serious medical needs against the named Defendants.

2       2.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

3 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

4 and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants: **SQSP**

5 **Physician George Beatty, M.D.; SQSP Registered Nurse Bill Honey; and SQSP Chief**

6 **Medical Officer E. Tootell.** The Clerk shall also mail a copy of the complaint and a copy of this

7 Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail

8 a copy of this Order to Plaintiff.

9       3.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

10 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

11 Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

12 behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to

13 bear the cost of such service unless good cause be shown for the failure to sign and return the

14 waiver form. If service is waived, this action will proceed as if Defendants had been served on the

15 date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be

16 required to serve and file an answer before **sixty (60) days** from the date on which the request for

17 waiver was sent. (This allows a longer time to respond than would be required if formal service of

18 summons is necessary.) Defendants are asked to read the statement set forth at the foot of the

19 waiver form that more completely describes the duties of the parties with regard to waiver of

20 service of the summons. If service is waived after the date provided in the Notice but before

21 Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on

22 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,

23 whichever is later.

24       4.     Defendants shall answer the complaint in accordance with the Federal Rules of

25 Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

26       a.     No later than **sixty (60) days** from the date their answer is due, Defendants

27 shall file a motion for summary judgment or other dispositive motion. The motion must be

28 supported by adequate factual documentation, must conform in all respects to Federal Rule of

United States District Court
Northern District of California

3

Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

    If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

        c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

United States District Court
Northern District of California

1  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

2  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

3  any fact that would affect the result of your case, the party who asked for summary judgment is

4  entitled to judgment as a matter of law, which will end your case.  When a party you are suing

5  makes a motion for summary judgment that is properly supported by declarations (or other sworn

6  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

7  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

8  as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and

9  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

10  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

11  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

12  F.3d at 962-63.

13      Plaintiff also is advised that—in the rare event that Defendants argue that the failure to

14  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

15  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

16  prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did

17  exhaust your available administrative remedies before coming to federal court.  Such evidence

18  may include: (1) declarations, which are statements signed under penalty of perjury by you or

19  others who have personal knowledge of relevant matters; (2) authenticated documents—

20  documents accompanied by a declaration showing where they came from and why they are

21  authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

22  in your complaint insofar as they were made under penalty of perjury and they show that you have

23  personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

24  dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

25  motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

26  issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

27      (The notices above do not excuse Defendants' obligation to serve similar notices again

28  concurrently with motions to dismiss for failure to exhaust available administrative remedies and

motions for summary judgment.  *Woods*, 684 F.3d at 935.)

            d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

            e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

     6.      All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

     7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

     8.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

     IT IS SO ORDERED.

Dated:  January 6, 2016

                                                        _____

YVONNE GONZALEZ ROGERS
United States District Judge