UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOSES J. DURON,

    Plaintiff,

v.

GEORGE BEATTY, et al.,

    Defendants.

Case No. 15-cv-03015-YGR (PR)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; AND GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff Moses J. Duron, a state prisoner currently incarcerated at the California Substance Abuse and Treatment Facility, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983 regarding incidents that took place at San Quentin State Prison ("SQSP"), where he was previously incarcerated. Plaintiff seeks injunctive relief and monetary damages.

The Court screened the complaint and found that "Plaintiff's allegation that since February 5, 2015, he has suffered 'great pain' to his left knee (which initially required an M.R.I. and for which a knee replacement is now recommended due to a 'torn meniscus') support[ed] an inference that he has serious medical needs." Dkt. 6 at 2 (citing Dkt. 1 at 3). The Court further found that Plaintiff had stated a claim of deliberate indifference to medical needs against SQSP employees stemming from inadequate treatment for his left knee pain. *Id.* The Court ordered the complaint served on the following three Defendants: SQSP Physician George Beatty, M.D.; SQSP Registered Nurse Bill Honey; and SQSP Chief Medical Officer E. Tootell.

Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has not exhausted his administrative remedies. Dkt. 13. Plaintiff has filed an opposition, and Defendants have filed a reply. Dkts. 14, 17.

## II. DISCUSSION

### A. Standard of Review

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks*

*School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint

must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**B.     Analysis**

Defendants argue that Plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective."  *Porter*, 534 U.S. at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Booth*, 532 U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money."  *Id.* at 739.

The PLRA requires *proper* exhaustion of administrative remedies.  *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to exhaust properly.  *Id.* The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Id.* at 84.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  *See* Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  *See id.* § 3084.1(e).

In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) formal written appeal on a CDCR 602 inmate appeal

form ("602 appeal"), (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the CDCR (i.e., Director's Level). *See* Cal. Code Regs. tit. 15, § 3084.7[1]; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). If an inmate pursues his claims through the third-level review, the inmate has satisfied the administrative remedies exhaustion requirement under section 1997e(a). *See id.* at 1237-38.

An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). However, where an amended complaint has been filed, a prisoner satisfies the exhaustion requirement as long as he exhausted his administrative remedies *prior to* its filing. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (amended complaint raised new claims which arose after the original complaint was filed); *Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (amended complaint raised new claims which arose prior to the filing of the initial complaint).

In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.*[2]

Here, Defendants have brought a dismissal motion under Rule 12(b)(6). Dkt. 13. As explained above, exhaustion must ordinarily be decided in a summary judgment motion, although in the "rare" event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). *Albino*, 747 F.3d at 1166.

---

[1] Under the regulations, as amended effective January 28, 2011, the informal grievance level has been omitted and there are now only three levels: first level appeal, second level appeal, and third level appeal. *See* Cal. Code Regs. tit. 15, § 3084.7.

[2] In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

Defendants allege that Plaintiff's verified complaint "claims that for his left knee treatment, which started on 'February 5, 2015,' and ended on May 11, 2015, he filed a Form-602 grievance, 'on September 21, *2014*,' the year prior." Dkt. 17 at 2 (emphasis added). Defendants argue that Plaintiff thus "failed to exhaust his administrative remedies because he fails to allege he filed a Form-602 grievance after his 'February 5, 2015,' left knee treatment." *Id.*

The Court notes that Plaintiff's complaint states that "since 2/5/15," he has suffered "great pain" to his left knee and that knee replacement was being recommended due to a "torn meniscus." Dkt. 1 at 3. As mentioned above, the Court found that such an allegation supported an inference that he has serious medical needs. Dkt. 6 at 2. The Court then found as follows:

> Liberally construed, Plaintiff's allegations that SQSP prison medical staff failed to provide adequate medical treatment for his left knee pain—by specifically denying his requests: for an ice pack and a walking cane from Defendant Beatty; to be examined by Defendant Honey; and to speak with Defendant Tootell—state[d] a cognizable deliberate indifference claim against Defendants Beatty, Honey and Tootell.

*Id.*

In his opposition, Plaintiff now alleges his deliberate indifference claim centers around "an injury to his left knee and lower back" that resulted from when he "fell down" on June 18, 2015. Dkt. 14 at 3. He also alleges that he submitted his grievance for such injury on June 21, 2015. *Id.*

Defendants argue that the new evidence Plaintiff offers to support his "new knee injury claim" shows a "Form-602 grievance was submitted on November 13, 2015 (approximately 5 months after filing this case) and January 1, 2016 (approximately 7 months after filing this case)." Dkt. 17 at 2 (citing Dkt. 14-2 at 10-12, 5-8.)

Prior to *Albino*, failure to exhaust before filing suit would subject the action to dismissal without prejudice to filing a new action once a plaintiff had exhausted the prison grievance process. *See McKinney*, 311 F.3d at 1199-1201. Following *Albino*, the proper procedure is unclear, especially in light of the fact that Plaintiff seems to seek to supplement his complaint with a claim stemming from the June 18, 2015 incident. The Court need not determine the proper procedure here because case law holds that a prisoner may satisfy the exhaustion requirement as long as he exhausted his administrative remedies *prior to filing an amended complaint*. *See*

5

*Rhodes*, 621 F.3d at 1006 (9th Cir. 2010); *Cano*, 739 F.3d at 1220-21. In the instant matter, it seems that Plaintiff seeks to supplement his complaint to add events that have occurred since Plaintiff filed his complaint, which could relate to his initial alleged denial of treatment to his knee and could thus be similar in nature to the violations alleged in the complaint.

In light of *Rhodes* and *Cano*, the Court GRANTS Plaintiff leave to file an amended complaint, which may include the claims found cognizable in his original complaint as well as the claim he seeks to add by way of his proposed supplemental claim mentioned in his opposition. Plaintiff is cautioned that the amended complaint may only include claims that have been fully exhausted through the highest level of appeal available to him. Once the amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915A.

Accordingly, Defendants' motion to dismiss is DENIED without prejudice to renewing their arguments after Plaintiff has filed his amended complaint and the Court has screened the amended complaint.

### III. CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Plaintiff is GRANTED leave to file his amended complaint pursuant to the instructions above and no later than **twenty-eight (28) days** of the date of this Order. The pleading must include the caption and civil case number used in this order (Case No. 15-3015 YGR (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within the designated time and in accordance with this Order will result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. Defendants' motion to dismiss under Rule 12(b)(6) is DENIED without prejudice.

1  Dkt. 13. The denial is without prejudice to refiling it as either another Rule 12(b)(6) motion or a
2  motion for summary judgment after the Court has screened Plaintiff's amended complaint.
3         4.      The Clerk of the Court is directed to send Plaintiff a blank civil rights form along
4  with his copy of this Order.
5         5.      This Order terminates Docket No. 13.
6         IT IS SO ORDERED.
7  Dated: November 14, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge