United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOSES J. DURON,

Plaintiff,

v.

GEORGE BEATTY, et al.,

Defendants.

Case No. 15-cv-03015-YGR (PR)

**ORDER REVIEWING AMENDED COMPLAINT; DENYING MOTION TO DISMISS AMENDED COMPLAINT; AND SCHEDULING MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff Moses J. Duron, a state prisoner who is currently incarcerated at the California Substance Abuse and Treatment Facility ("CSATF"), filed his original *pro se* prisoner complaint under 42 U.S.C. § 1983 regarding alleged deliberate indifference to his serious medical needs that took place at San Quentin State Prison ("SQSP"), where he was previously incarcerated. Plaintiff at first only named the following Defendants: SQSP Physician George Beatty, M.D.; SQSP Registered Nurse Bill Honey; and SQSP Chief Medical Officer E. Tootell. Plaintiff sought injunctive relief and monetary damages.

Defendants previously filed a motion to dismiss the original complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has not exhausted his administrative remedies. Dkt. 13. Plaintiff opposed that motion and also requested leave to file a proposed supplemental claim. *See* Dkt. 14. In an Order dated November 14, 2016, the Court granted Plaintiff leave to file an amended complaint, which could include "the claims found cognizable in his original complaint as well as the claim he seeks to add by way of his proposed supplemental claim mentioned in his opposition." Dkt. 18 at 6. The Court also denied Defendants' motion to dismiss without prejudice to renewing their arguments after Plaintiff has filed his amended complaint. *See id.*

Thereafter, Plaintiff filed his amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. Dkt. 19. Plaintiff names the same aforementioned Defendants from the original complaint and an additional Defendant: SQSP Physician Allison Devers, M.D. *Id.* at 2.

Before the Court is a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has not exhausted his administrative remedies, which was filed by Defendants Beatty, Honey, and Tootell *as well as* newly-named Defendant Devers (hereinafter "Defendants"). Dkt. 20. Although Plaintiff was granted two extensions of time to do so, he did not file an opposition to the motion.

For the reasons outlined below, the Court reviews Plaintiff's amended complaint, DENIES Defendants' motion to dismiss for failure to exhaust administrative remedies, and sets a new briefing schedule.

## II. DISCUSSION

### A. Standard of Review of Amended Complaint

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Standard of Review Relating to Motion to Dismiss

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded" "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**C. Exhaustion**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Booth*, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." *Id.* at 739.

The PLRA requires *proper* exhaustion of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to exhaust properly. *Id.* The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 84.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e).

In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) formal written appeal on a 602 inmate appeal form ("602 appeal"), (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR") (i.e., Director's Level). *See* Cal. Code Regs. tit. 15, § 3084.7[1]; *Barry v. Ratelle*, 985 F. Supp.

[1] Under the regulations, as amended effective January 28, 2011, the informal grievance level has been omitted and there are now only three levels: first level appeal, second level appeal, and third level appeal. *See* Cal. Code Regs. tit. 15, § 3084.7.



United States District Court
Northern District of California

1235, 1237 (S.D. Cal. 1997). If an inmate pursues his claims through the third-level review, the inmate has satisfied the administrative remedies exhaustion requirement under section 1997e(a). *See id.* at 1237-38.

An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). However, where an amended complaint has been filed, a prisoner satisfies the exhaustion requirement as long as he exhausted his administrative remedies *prior to* its filing. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (amended complaint raised new claims which arose after the original complaint was filed); *Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (amended complaint raised new claims which arose prior to the filing of the initial complaint).

In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.*[2]

### D. Background

Here, Defendants have brought another dismissal motion under Rule 12(b)(6). Dkt. 20. As explained above, exhaustion must ordinarily be decided in a summary judgment motion, although in the "rare" event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). *Albino*, 747 F.3d at 1166.

Prior to resolving the present motion to dismiss the amended complaint, a review of the background of this case is warranted. The following background relating to the original complaint is taken from the Court's November 14, 2016 Order:

[2] In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

> The Court screened the complaint and found that "Plaintiff's allegation that since February 5, 2015, he has suffered 'great pain' to his left knee (which initially required an M.R.I. and for which a knee replacement is now recommended due to a 'torn meniscus') support[ed] an inference that he has serious medical needs." Dkt. 6 at 2 (citing Dkt. 1 at 3). The Court further found that Plaintiff had stated a claim of deliberate indifference to medical needs against SQSP employees stemming from inadequate treatment for his left knee pain. *Id.* The Court ordered the complaint served on the following three Defendants: SQSP Physician George Beatty, M.D.; SQSP Registered Nurse Bill Honey; and SQSP Chief Medical Officer E. Tootell.

Dkt. 18 at 1.

As mentioned above, Defendants had initially filed a motion to dismiss the original compliant on the grounds that Plaintiff had not exhausted his administrative remedies. Dkt. 13. Defendants alleged that Plaintiff's verified complaint "claim[ed] that for his left knee treatment, which started on 'February 5, 2015,' and ended on May 11, 2015, he filed a Form-602 grievance, 'on September 21, 2014,' the year prior." Dkt. 17 at 2 (emphasis added). Defendants argued that Plaintiff thus "failed to exhaust his administrative remedies because he fails to allege he filed a Form-602 grievance after his 'February 5, 2015,' left knee treatment." *Id.* Plaintiff's complaint stated that "since 2/5/15," he has suffered "great pain" to his left knee and that knee replacement was being recommended due to a "torn meniscus." Dkt. 1 at 3. The Court found that such an allegation supported an inference that he has serious medical needs. Dkt. 6 at 2. In his opposition to the initial dismissal motion, Plaintiff alleged that his deliberate indifference claim centered around "an injury to his left knee and lower back" that resulted from when he "fell down" on June 18, 2015. Dkt. 14 at 3. Plaintiff also alleged that he submitted his grievance for such injury on June 21, 2015. *Id.* Thus, Defendants argued that the new evidence Plaintiff offered to support his "new knee injury claim" showed that a "Form-602 grievance was submitted on November 13, 2015 (approximately 5 months after filing this case) and January 1, 2016 (approximately 7 months after filing this case)." Dkt. 17 at 2 (citing Dkt. 14-2 at 10-12, 5-8.)

In granting Plaintiff leave to file an amended complaint and denying Defendants' first motion to dismiss, the Court reasoned as follows:

> Prior to *Albino*, failure to exhaust before filing suit would subject the action to dismissal without prejudice to filing a new action once a plaintiff had exhausted the prison grievance process. *See*



United States District Court
Northern District of California

> *McKinney*, 311 F.3d at 1199-1201. Following *Albino*, the proper procedure is unclear, especially in light of the fact that Plaintiff seems to seek to supplement his complaint with a claim stemming from the June 18, 2015 incident. The Court need not determine the proper procedure here because case law holds that a prisoner may satisfy the exhaustion requirement as long as he exhausted his administrative remedies prior to filing an amended complaint. *See Rhodes*, 621 F.3d at 1006 (9th Cir. 2010); *Cano*, 739 F.3d at 1220-21. In the instant matter, it seems that Plaintiff seeks to supplement his complaint to add events that have occurred since Plaintiff filed his complaint, which could relate to his initial alleged denial of treatment to his knee and could thus be similar in nature to the violations alleged in the complaint.
>
> In light of *Rhodes* and *Cano*, the Court GRANTS Plaintiff leave to file an amended complaint, which may include the claims found cognizable in his original complaint as well as the claim he seeks to add by way of his proposed supplemental claim mentioned in his opposition.

Dkt. 18 at 5-6.

**E. Review of Amended Complaint**

Plaintiff has since filed an amended complaint, in which he states that he first alerted Defendants to his "injured knee" on October 8, 2013 when he submitted a Health Care Service Request. Dkt. 19 at 3. He adds that he submitted similar requests for treatment "relative to the same issue(s) of serous medical needs." *Id.* On January 21, 2015, May 25, 2015, and June 24, 2015, Defendant Beatty examined and treated Plaintiff for left knee and lower back pain. *Id.* On June 19, 2015, Defendant Devers examined Plaintiff, presumably after the indicated when Plaintiff "fell down" on June 18, 2015. *Id.* Plaintiff claims that Defendants Beatty and Devers along with Defendants Honey and Tootell "became aware of plaintiff [his] complaining of pain[,] and were reluctant to take appropriate measures to not violate [his] right to not suffer needlessly." *Id.* Plaintiff then asserts that "defendants were deliberately indifferent to [his] serious medical needs." *Id.* Plaintiff again seeks injunctive relief and monetary damages. *Id.* at 3.

First, Plaintiff's claims for injunctive review are now DISMISSED as moot given that he no longer is incarcerated at SQSP. *Cf. Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.) Furthermore,

just as it has previously found as to his original complaint, the Court finds that Plaintiff's allegations in his amended complaint, construed liberally, state a cognizable claim of deliberate indifference to Plaintiff's serious medical needs against all named Defendants. As mentioned above, Defendant Devers has already appeared on the record after filing the instant motion to dismiss with the other served Defendants, and the record shows that she is being represented by the same counsel as the other Defendants. *See* Dkt. 30. Therefore, the Court need not order service on Defendant Devers. Instead, the Court will now turn to the merits of Defendants' pending motion to dismiss for failure to exhaust administrative remedies.

**F. Plaintiff's Allegations Relating to Exhaustion**

Plaintiff alleges he submitted the facts in his amended complaint through the grievance procedure when he submitted 602 Inmate Appeal log no. SQ160293 ("SQ160293"), which was dated January 1, 2016, and filed with the CDCR on February 11, 2016. Dkt. 19 at 1-2. On his amended complaint, Plaintiff checked both boxes for "YES" and "NO" in response to the question: "Is the last level to which you appealed the highest level of appeal available to you?" *Id.* at 2. Plaintiff elaborates by stating that SQ160293 was "sent from [CSATF] and cancelled." *Id.* at 1. He further states the following relating to SQ160293: "Cancelled appeal on 2/26/16 by [SQSP] Appeals Office [and] cannot be resubmitted therefore deeming appeal process exhausted." *Id.* Thus, Plaintiff alleges he both did *and* did not fully exhaust his appeal to the *highest level* of appeal available, and claims the CDCR "ha[s] a pattern that is a practice which unduly violates appellant's due process by way of circumventing [the] issue, cancelling or rejecting appeals." *Id.* at 2.

Attached to Plaintiff's amended complaint is a copy of SQ160293, which he has labeled as Exhibit 1. *See id.*, Ex. 1. SQ160293 relates to the June 18, 2015 incident during which Plaintiff claims he fell down stairs, injured himself, and did not receive any treatment for his injuries. *See id.* Under the section labeled, "Action requested," Plaintiff states he requests that "CDCR medical staff be accountible [sic] for thier [sic] negative actions and unprofessional attitude to [his] medical needs." *Id.* On February 26, 2016, SQ160293 was canceled at the first level of review. *Id.* In support of SQ160293, Plaintiff had attached copy of another 602 inmate appeal log no. SQ-

L-15-3230 ("SQ-L-15-3230"), in which Plaintiff complains that he had submitted a previous 602 appeal on June 21, 2015 that was "based on [him] falling at SQ[SP]" and that he had not yet received a response."[3] *Id.*, Ex. 1. SQ-L-15-3230 was rejected at the first level of review on three different dates: November 23, 2015, December 1, 2015, and January 13, 2016. *Id.* In the January 13, 2016 rejection of SQ-L-15-3230, the appeals coordinator noted that: "[a] review of our records does not show that you submitted an appeal around June of 2015. Provide a copy of your appeal." *Id.* In response to this rejection letter, Plaintiff wrote as follows: "I filled out a new 602 in place of [the] original 602 that has been misplaced by [SQSP] staff there after 6/21/15." *Id.* Nothing in the record exists to show that Plaintiff pursued either SQ160293 or SQ-L-15-3230 to the highest level of review. *Id.* Similarly, no copy of the 602 appeal dated June 21, 2015 exists on the record. *Id.*

**G. Analysis Relating to Exhaustion**

The Court finds that it cannot be discerned from the face of the complaint whether or not Plaintiff still had administrative remedies available to him, and whether or not Plaintiff had a full opportunity and ability to file a timely grievance but did not do so. "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino*, 747 F.3d at 1171 (citation and internal quotation marks omitted). The Ninth Circuit has held that an inmate had no need to exhaust further levels of review after his appeal was rejected at the first formal level as untimely. *Marella v. Terhune*, 568 F.3d 1024, 1026 (9th Cir. 2009). But if the inmate had a full opportunity and ability to file a timely grievance but did not do so, he has not properly exhausted his administrative remedies. *Id.* at 1028 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

While Defendants point out that the record shows that neither SQ160293 nor SQ-L-15-3230 were pursued to the highest level of review, they fail to address Plaintiff's earlier attempt to exhaust his administrative remedies. Specifically, Plaintiff has alleged that he submitted a

[3] As mentioned above, Plaintiff had previously alleged (in his opposition to the first dismissal motion) that he submitted a 602 appeal on June 21, 2015 relating to his June 18, 2015 fall. *See* Dkt. 14 at 3.

previous 602 appeal on June 21, 2015 relating to the June 18, 2015 fall at SQSP. Dkt. 19, Ex. 1. Plaintiff further alleged that his June 21, 2015 602 appeal—filed *three days after* his fall— was "misplaced" SQSP staff. *See id.* Thus, such an allegation could be construed as a claim that he was thwarted by prison officials from submitting his June 21, 2015 602 appeal. However, at this time, Plaintiff's amended complaint does not contain any further information as to this June 21, 2015 602 appeal. Moreover, Defendants do not address whether this "misplaced" June 21, 2015 602 appeal could have had any bearing on whether or not Plaintiff exhausted his administrative remedies. The Court notes that while Plaintiff admits that he did not pursue certain grievances, i.e., SQ160293, to the highest level of appeal, *see* dkt. 19 at 2, he did, under penalty of perjury, answer "YES" to both questions indicating that he presented the facts in his amended complaint through the grievance process *and* the last level to which he appeals was the highest level of appeal available to him, *see id.*

As a result, it is not clear from the face of the complaint whether or not Plaintiff has failed to satisfy his obligation to exhaust his administrative remedies or whether that obligation must be excused under *Albino* and *Marella*. Accordingly, under *Albino*, the case cannot be dismissed under Rule 12(b)(6) on exhaustion grounds, but Defendants may renew this argument in a summary judgment motion. *See Albino*, 747 F.3d at 1166 (9th Cir. 2014) (en banc) (if failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56). The parties shall abide by the briefing schedule outlined below.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive review in his amended complaint are DISMISSED as moot.

2. Plaintiff's new allegations in his amended complaint state a claim of deliberate indifference to his serious medical needs against Defendants Beatty, Honey, Tootell, and Devers. The Court need not order service on Defendant Devers because she has already appeared on the record as being represented by counsel.

3. Defendants' motion to dismiss the amended complaint is DENIED. Dkt. 20.

4. No later than **twenty (20) days** from the date of this Order, Defendants shall file an answer to the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).

Because the Court has found that Plaintiff's alleged failure to exhaust is not clear on the face of the amended complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).



United States District Court
Northern District of California

the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63. As mentioned above, in considering a motion for failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168. To avoid summary judgment, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions for summary judgment. *Woods*, 684 F.3d at 935.)

d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due.

No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. This Order terminates Docket No. 20.

IT IS SO ORDERED.

Dated: December 18, 2017

YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California